IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEHROUZ BAGHERI and<br>METCO ENGINEERING, INC.<br><br>*Plaintiffs*,<br><br>VS.<br><br>THE CINCINNATI INSURANCE<br>COMPANY<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 3:17-cv-000788-L |

**PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COME NOW, BEHROUZ BAGHERI and METCO ENGINEERING, INC.**, Plaintiffs in the above-styled action, and file this Second Amended Original Petition, and complain of The Cincinnati Insurance Company, Defendant, and in support would respectfully show this Court the following:

**PARTIES**

1.  Plaintiff Behrouz Bagheri, (hereinafter "Plaintiff Bagheri"), is a citizen of the United States and a resident of Dallas County, Texas.

2.  Plaintiff Metco Engineering, Inc., (hereinafter "Plaintiff Metco"), is a Texas corporation whose address is 3333 Lee Parkway, Suite 600, Dallas, Texas 75219.

3.  Defendant, The Cincinnati Insurance Company, (hereinafter "Defendant Cincinnati Insurance"), is an entity incorporated under the laws of the State of Ohio. Defendant Cincinnati Insurance has filed an answer in this matter.

## JURISDICTION AND VENUE

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332.

## STATEMENT OF FACTS

5. Plaintiff Bagheri is a professional engineer who contracts with several governmental agencies to provide engineering services through his company, Plaintiff Metco.

6. On or about December 7, 2014, at 2:40 A.M., Plaintiff Bagheri realized his vehicle had been stolen while parked at an Exxon service station located at 8201 East R.L. Thornton Freeway, Dallas, Texas, and he immediately contacted the Dallas police.

7. A police officer arrived at approximately 4:00 A.M., took note of Plaintiff Bagheri's driver's license information; and asked him a series of questions regarding the circumstances surrounding the incident, including whether he had his vehicle key with him.

8. Plaintiff Bagheri did not remember that he had two vehicle keys in his pocket initially (both main and spare keys). Since Plaintiff Bagheri had one key still in his pocket at that time, and did not realize the other one was in the vehicle, he answered "yes" to the officer's question.

9. The officer also asked Plaintiff Bagheri what his address was. Plaintiff Bagheri provided the officer with his correct address and advised the officer that his address had recently changed and was different than the address on his driver's license. Later Plaintiff Bagheri discovered that his old address was reported on the police report.

10. The police officer also asked Plaintiff Bagheri of the location of his vehicle when it was stolen. Plaintiff Bagheri told the officer it was stolen at the same location where he was

standing and giving the report, and he showed the officer the camera in the gas station pointing at the location where his vehicle was stolen.

11. On or around December 9, 2014, Plaintiff Bagheri filed a claim with Defendant Cincinnati Insurance (attached hereto as Exhibit "A" and incorporated by reference herein is a copy of the email exchange between Plaintiff Bagheri and Stacey Glick, Senior Field Claims Specialist for Defendant Cincinnati Insurance).

12. Plaintiff Bagheri completed all forms that were necessary to alert Defendant Cincinnati Insurance that his vehicle had been stolen and Defendant Cincinnati Insurance began to process the claim for Plaintiffs.

13. Sometime between December 9, 2014, and December 22, 2014, Defendant Cincinnati Insurance was alerted to the fact that Plaintiff Bagheri's vehicle had been located. The vehicle had been found by the Seagoville Police Department on December 9, 2014 at 200 West Malloy Bridge Road in Seagoville, Texas and impounded.

14. Plaintiff Bagheri did not receive any letters or phone calls from the Seagoville Police Department or Defendant Cincinnati Insurance that his vehicle had been located.

15. On December 22, 2014, an agent for Defendant Cincinnati Insurance requested a meeting with Plaintiff Bagheri to obtain a recorded statement (see Exhibit A).

16. Later, it would be discovered by Plaintiff Bagheri that the agent for Cincinnati Insurance intended to complete an interrogation of Plaintiff Bagheri (attached hereto as Exhibit "B" and incorporated by reference herein is a copy of the recorded interview conducted on December 29, 2014). On December 29, 2014, Defendant Cincinnati Insurance completed their interrogation of Plaintiff Bagheri. The agents told Plaintiff Bagheri the reason for their visit was

to verify and adjust the claim and they proceeded to interrogate Plaintiff Bagheri about how the incident occurred.

17. Not until the completion of the interrogation did Defendant Cincinnati Insurance alert Plaintiff Bagheri that his vehicle had been found by the Seagoville Police Department on December 9, 2014, and further provided him with the necessary information to recover his vehicle from the police impound lot (see Exhibit A).

18. Plaintiff Bagheri asked the agents why they did not inform him that his vehicle had been found, which they did not answer. (See Exhibit B).

19. After the insurance claim had been closed, Plaintiff Bagheri was informed by the surety company that issues bonds to Plaintiffs' that he was under investigation by Defendant Cincinnati Insurance for allegedly filing a fraudulent insurance claim. The surety company had a policy to not issue bonds to any company which was under investigation until such legal claims were resolved.

## COUNT I: FRAUD BY NONDISCLOSURE

20. Plaintiffs reallege and incorporate by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

21. Defendant Cincinnati Insurance owed a duty to disclose information concerning Plaintiff Bagheri's vehicle. Defendant Cincinnati Insurance concealed from and failed to disclose certain facts to Plaintiff Bagheri.

22. The fact that Plaintiff Bagheri's vehicle had been recovered on December 9, 2014 and was in a police impound lot was material.

23. Defendant Cincinnati Insurance knew Plaintiff Bagheri was 1) ignorant of the fact his vehicle had been located and 2) did not have the same resources or accesses to have an equal opportunity to discover that his vehicle had been located.

24. Despite the information concerning the location of Plaintiff's vehicle, Defendant Cincinnati Insurance, through their agents and employees, were deliberately silent and proceeded to wait to disclose the information until after an interrogation could be completed at Plaintiff's office.

25. Defendant Cincinnati Insurance intended to induce Plaintiff Bagheri to take some action or refrain from acting. In this regard, Plaintiff Bagheri could not act and was prevented from acting to clear himself of the ongoing fraud investigation by Defendant Cincinnati Insurance.

26. Plaintiff Bagheri relied on the nondisclosure by Defendant Cincinnati Insurance and believed that his vehicle had been stolen and ultimately unrecoverable when in fact it was discovered the day Plaintiff Bagheri reported his vehicle stolen. Defendant Cincinnati Insurance caused damages to Plaintiff Bagheri as a result of the nondisclosure and prevented Plaintiff Bagheri the capability to clear himself and his company in a timely matter of the fraud investigation by Defendant Cincinnati Insurance.

## COUNT II: BREACH OF CONTRACT

27. Plaintiffs reallege and incorporate by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

28. Plaintiffs and Defendant had a valid, enforceable contract. Plaintiffs performed its contractual obligations.

29. Defendant breached the contract and Defendant's contract breach proximately caused Plaintiffs' damages.

## COUNT III: FRAUD

30. Plaintiffs reallege and incorporate by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

31. A material misrepresentation was made to Plaintiff Bagheri. The material misrepresentations included:

    (a)    Concealing and failing to disclose the fact that Plaintiffs' vehicle had been located;

    (b)    Concealing and failing to disclose that Plaintiff Bagheri was under a fraud investigation;

    (c)    Concealing and failing to disclose the location of Plaintiffs' vehicle;

    (d)    Concealing and failing to disclose the nature of the meeting scheduled between agents of Defendant and Plaintiff Bagheri.

32. Each of the above referenced acts or omissions, singularly or in combination with others, constitutes fraud by Defendant. Defendant's misrepresentations by material omission were the proximate cause of damages to Plaintiffs.

## COUNT VI: TEXAS INSURANCE CODE VIOLATIONS

33. Plaintiffs reallege and incorporate by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

34. Defendant Cincinnati Insurance has violated the current Tex. Ins. Code Chapter 541 by engaging in one or more of the following acts or practices:

    (a)    Engaging in unfair and deceptive acts or practices in the business of insurance, in violation of *Tex. Ins. Code* § 541.003;

    (b)    Making an untrue statement of material fact in violation of *Tex. Ins. Code* § 541.061(1);

    (c)    Failing to state a material fact necessary to make the other statements made not misleading, considering the circumstances under which the statements were made, in violation of *Tex. Ins. Code* § 541.061(2);

(d) Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact, in violation of *Tex. Ins. Code* § 541.061(3); and

(e) Making a material misstatement of law in violation of *Tex. Ins. Code* § 541.061(4).

35. Each of the above referenced acts or omissions, singularly or in combination with others, constitutes insurance code violations by Defendant. Defendant Cincinnati Insurance's wrongful conduct was a producing cause of damages to Plaintiffs.

### COUNT VII: DECEPTIVE TRADE PRACTICES ACT

36. Plaintiffs reallege and incorporate by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

37. Plaintiffs and Defendant are a "person" as defined by *Tex. Ins. Code* § 541.002(2). Defendant Cincinnati Insurance engaged in an act or practice that violated (1) *Tex. Ins. Code* Chapter 541, subchapter B; (2) *Tex. Bus. & Com. Code* § 17.46(b) and Plaintiffs relied on that act or practice to their detriment; or (3) a tie-in provision of the *Tex. Ins. Code*.

38. Defendant Cincinnati Insurance violated the Texas Deceptive Trade Practices Act when Defendant used or employed an act or practice in violation of *Tex. Ins. Code* chapter 541 as explained herein.

39. Defendant Cincinnati Insurance's wrongful conduct was a producing cause of damages to Plaintiffs.

40. Plaintiffs' seek recovery of unliquidated damages, mental anguish damages, and attorneys' fees within the jurisdictional limits of this court. Defendant Cincinnati Insurance acted knowingly, which entitles Plaintiffs' to recover treble damages under *Tex. Bus. & Com. Code* § 17.50(b)(1).

## DECEPTIVE TRADE PRACTICES ACT NOTICE

41. Defendant Cincinnati Insurance has been provided written notice before the filing of this suit advising in reasonable detail Plaintiffs specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees reasonably incurred by the Plaintiffs. However, waiting until after 60 days written notice before filing suit was rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations. *Tex. Bus. & Com. Code* § 17.505(a)-(b)

## ACTS OF AGENTS

42. An allegation that Defendant engaged in any act or practice means:

    (a) that a Defendant performed, authorized, or participated in the act or practice; or

    (b) that one or more of the Defendant's officers, agents, representatives, or employees performed or participated in the act or practice on behalf of and under the authority or direction of the Defendant.

## JURY DEMAND

43. Plaintiffs hereby respectfully demand a trial by jury and tenders the appropriate fee contemporaneous with the filing of this action.

## CONDITIONS PRECEDENT

44. Plaintiffs reserve the right to plead and prove the damages to which they are entitled to at the time of trial. All conditions to Plaintiffs' recovery have been performed or have occurred.

## PRAYER AND REQUEST FOR RELIEF

45. For the foregoing reasons, Plaintiffs request that the Court issue citation for Defendant to appear and answer, and that Plaintiffs recover judgment against Defendant for the following:

    (a) all damages requested;

(b)     pre-judgment and post-judgment interest as provided by law;

(c)     costs of court;

(d)     attorneys' fees;

(e)     such other and further relief, at law or in equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

/s/ *J. T. Langford*
**J.T. LANGFORD**
Texas Bar No. 11911700
**ERIC A. DOUGLAS**
Texas Bar No. 24097620

**LANGFORD, WISE & FARAHMAND, PLLC**
5101 Ross Ave., Suite 200
Dallas, Texas 75206
Phone: (214) 613-2929
Fax: (214) 613-2541

Email: langford.j@sbcglobal.net
        eric@langfordandwise.com

**ATTORNEYS FOR PLAINTIFFS'**
**BEHROUZ BAGHERI and METCO**
**ENGINEERING, INC.**