IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BEHROUZ BAGHERI and METCO ENGINEERING, INC., § § § Plaintiffs, § v. § THE CINCINNATI INSURANCE COMPANY, § § § Defendant. § | Civil Action No. **3:17-CV-0788-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Cincinnati Insurance Company's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 4), filed March 27, 2017; and Cincinnati Insurance Company's Motion to Dismiss Plaintiffs' Second Amended Petition[1] Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 8); filed June 1, 2017. After careful consideration of the motions, pleadings, and applicable law, the court **denies as moot** Cincinnati Insurance Company's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 4); and **grants** Cincinnati Insurance Company's Motion to Dismiss Plaintiffs' Second Amended Petition Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 8). The court, however, will allow Plaintiffs to file an amended pleading.

## I. Factual and Procedural Background

Plaintiffs Behrouz Bagheri ("Bagheri") and Metco Engineering, Inc. ("Metco") (collectively "Plaintiffs") originally filed this action against The Cincinnati Insurance Company

---

[1] Plaintiffs' Second Amended Original Petition (Doc. 7) was filed on May 18, 2017, without requesting leave to amend. As Cincinnati did not object to the court considering the Second Amended Original Petition "(Amended Complaint)", the court considers the Amended Complaint as the operative live pleading. With regard to Cincinnati Insurance Company's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 4), the court will deny the motion as moot and consider Cincinnati Insurance Company's Motion to Dismiss Plaintiffs' Second Amended Petition Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 8).

**Memorandum Opinion and Order - Page 1**

("Cincinnati" or "Defendant") in the 298th Judicial District Court of Dallas County, Texas. On March 20, 2017, Defendant removed this action to federal court contending, that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs' suit arises out of an insurance claim for an alleged stolen vehicle and Cincinnati's investigation of suspected insurance fraud. Plaintiffs allege claims for fraud by nondisclosure, breach of contract, fraud, Texas Insurance Code violations, and Deceptive Trade Practice Act violations.

Cincinnati contends that Plaintiffs' Amended Complaint should be dismissed because Plaintiffs failed to state a claim upon which relief may be granted. Cincinnati argues that Plaintiffs' claims are devoid of factual enhancement and barred by § 705.052(a) of the Texas Insurance Code. Plaintiffs did not file a response to Cincinnati's motion to dismiss the Amended Complaint.

## II.     Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The

"[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III. Discussion

Cincinnati contends that Plaintiffs' claims are barred by the Texas Insurance Code and are "threadbare recitations of elements." Defs.' Mot. to Dismiss 4,7. Although Defendant contends that it is immune from suit, it did not cite any cases to support its assertion. Accordingly, the court cannot definitively say based on its brief that such is the case. Cincinnati also contends that Plaintiffs' allegations are deficient and that allowing Plaintiffs to replead would be futile. The court

agrees that Plaintiffs' allegations are a mere recital of the elements of the various claims and do not have underlying facts for the court to reasonably infer that Cincinnati would be liable if the allegations were proved. As the Supreme Court stated, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The court cannot say at this juncture that Plaintiffs have alleged sufficient facts to show that they would be entitled to relief on their claims as pleaded. The court will allow Plaintiffs one last time to file an amended complaint addressing the deficiencies identified by the court. Plaintiff may not assert any new claims in their amended pleading.

## IV. Conclusion

For the reasons herein stated, the court **denies as moot** Cincinnati Insurance Company's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 4); and **grants** Cincinnati Insurance Company's Motion to Dismiss Plaintiffs' Second Amended Petition Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 8). Plaintiffs are allowed an opportunity to amend their pleadings in accordance with the standard herein set forth. Plaintiffs shall file an amended pleading that addresses the deficiencies identified by the court, and the amended pleading must be filed by **April 3, 2018**. If Plaintiffs fail to amend as herein directed, this action may be dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order. As this will be the third time Plaintiffs have amended their pleadings, no further amendments will be allowed. Cincinnati may file a third motion to dismiss if it believes that the amended complaint fails to state a claim.

**It is so ordered** this 20th day of March, 2018.

                                                Sam A. Lindsay
                                                United States District Judge